Archibald C. Wemple, J.
It appears that the defendant, a school teacher of good reputation in her own community, was driving on the New York State Thruway in a westerly direction in the county of Schenectady and, while driving on the driving lane, turned across the dividing line upon said lane and into some part of the passing lane. At about the same time, a State trooper was in the process of attempting to pass the defendant’s vehicle.
*941 In the information charging the defendant with reckless driving, the trooper states that he was forced into the mall in order to avert a collision with the defendant. There is nothing in the information to indicate whether or not the trooper, in attempting to pass, blew his horn or gave any other indication of his intention to overtake and pass the defendant’s vehicle.
The defendant’s affidavit charges that the trooper acted in a precipitous, officious and peremptory manner in placing the defendant under arrest, and that he took her on a circuitous route through the town of Rotterdam and to the office or home of the Justice of Peace in the town of Grlenville, where judicial proceedings were then commenced. The defendant’s affidavit further indicates that the defendant was surprised, stunned and shocked by the sudden turn of events and “asa matter of pure expediency, plead guilty.”
The Justice of Peace, in his return, states that the defendant was brought before him by the trooper and an information sworn to by him. The defendant was charged with the crime of reckless driving. The charge was read to her and she was informed of her rights and the right to aid of counsel. The Justice further states that section 335-a of the Code of Criminal Procedure was read to her and she was informed that her license would be suspended or revoked.
This court is inclined to take at face value the return of the Justice and is well aware of his integrity and long judicial experience. However, serious questions have been raised in the affidavits which indicate that a reversal of this conviction is warranted.
In the first place, without in any manner intending to blame or criticize the arresting officer or the Justice of Peace, there is nothing to indicate that the State trooper made any attempt to locate a magistrate in the town of Rotterdam, where the offense apparently was committed. The trooper should have made a real effort to locate a magistrate in the town where the offense was committed before taking the defendant to an adjoining town for arraignment and subsequent proceedings. Jurisdiction is an essential element to the proper disposition of the case. In the second place, the information sets forth facts which would support the conviction for violation of section 81-a of the Vehicle and Traffic Law, or section 7 of article 4 of the Rules & Regulations of the New York State Thruway Authority (N. Y. Off. Comp, of Codes, Rules & Regulations, 11th Off. Supp., p. 470), but the information fails to state whether or not the trooper signalled his intent to pass, and fails to clearly point up recklessness on the part of this defendant in her acts, which were set forth in the information.
*942 The information must, of course, set up facts sufficient to constitute the crime charged. This court finds that this information is insufficient.
By a plea of guilty, the presiding judge had no alternative but to accept the same and impose a fine, after following the statutory provision of section 335-a of the Code of Criminal Procedure.
Based upon the insufficiency of the information and the question of the jurisdiction of the court in which the conviction was made, this court reverses said conviction, returns the fine and directs that any notation on the license of this defendant as to this conviction be obliterated.
Submit order.